**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Rebecca Welch, | : |
| | : |
| **Plaintiff,** | : **Civil Action No.:** _____ |
| **v.** | : |
| | : |
| Tek-Collect Incorporated; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| **Defendants.** | : **December 8, 2016** |
| | : |

For this Complaint, Plaintiff, Rebecca Welch, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4.      Plaintiff, Rebecca Welch ("Plaintiff"), is an adult individual residing in Brandon, Vermont, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Tek-Collect Incorporated ("Tek-Collect"), is a Connecticut business entity with an address of 30 Trinity Street, Hartford Connecticut 06106-

0470, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Tek-Collect and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Tek-Collect at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Tek-Collect for collection, or Tek-Collect was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. Tek-Collect Engages in Harassment and Abusive Tactics

12.     Within the last year, Tek-Collect contacted Plaintiff in an attempt to collect the Debt.

13.     On or about July 14, 2016, Plaintiff sent a cease and desist letter via facsimile to Tek-Collect.

2

14.     In complete disregard of Plaintiff's written notification from Plaintiff to cease communication, Tek-Collect continued to place calls to Plaintiff in an attempt to collect the Debt.

**C.  Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22.     Plaintiff is entitled to damages as a result of Defendants' violations.

<u>COUNT II</u>
<u>VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,</u>
<u>Conn. Gen. Stat. § 42-110a, et seq.</u>

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

25.     Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

26.     Plaintiff is entitled to damages as a result of Defendants' violations.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 8, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.

4

**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**